[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10925

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

IVONNE LEZCANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20150-DPG-1

_____

Before JORDAN and BRASHER, Circuit Judges, and COVINGTON,[*] District Judge.

PER CURIAM:

This case concerns the definition and calculation of "loss" under guideline 2B1.1(b)(1) of the United States Sentencing Guidelines. Ivonne Lezcano appeals her sentence of 45 months' imprisonment for use of unauthorized access devices, possession of fifteen or more unauthorized access devices, and aggravated identity theft.

She argues that the district court applied an unlawfully expanded definition of "loss" by following the Application Notes (3)(A) and (3)(E)(i), which produced an inaccurate sentencing range for her crimes. First, she believes her sentence should be limited to the actual loss, and not intended loss, from her actions. Second, and in the alternative, she argues the district court's $500-per-device estimate is an arbitrary basis for calculating intended loss. For the reasons articulated below, we affirm Lezcano's sentence.

## I.

From at least as early as November 21, 2021, through January 4, 2022, Ivonne Lezcano stole the personal identifying information (PII) of more than twenty victims and, using the PII of three of them, spent over $23,000 in fraudulent purchases before law

---

[*] The Honorable Virginia M. Covington, United States District Judge for the Middle District of Florida, sitting by designation.

enforcement stopped her. All in all, Lezcano "possessed 57 unauthorized access devices . . . three counterfeit access devices . . . and [an] unauthorized social security card in another woman's name."

Lezcano was charged by indictment with use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 2 and 3), possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. §1029(a)(3) (Count 4), and aggravated identity theft as to her and co-defendant Pedro Lezcano Vilar, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5 – 8). Under a plea agreement, she pleaded guilty to Counts 1, 2, 4, and 5.

To determine her sentencing range under U.S.S.G § 2B1.1(b)(1), the district court calculated the amount of "loss" caused by her offense at $54,450.44. It determined that the amount of loss was a combination of two figures: (1) the amount of money Lezcano had spent using her victims' PII and (2) an estimate for the amount Lezcano intended to spend with the remaining PII in her possession. Application Note (3)(E)(i) provides that "[i]n a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device." U.S.S.G. § 2B1.1 cmt. n.3(E)(i). Accordingly, the amount of loss was "at least $54,450.44 (62 x $500 plus $23,450.44 in fraudulent purchases)." PSR ¶ 24.

At sentencing, Lezcano challenged the district court's reliance on the Sentencing Guidelines Commentary. The court

overruled her objection, citing two justifications for applying the $500-per-device amount: (1) the Sentencing Commission's reasoning in support of that rule, and (2) the evidentiary record in this case. The court observed that "where there was actual use in this case of an access device, it far exceeded $500." DE 66 at 21. The district court imposed a sentence of 45 months' imprisonment. Lezcano appealed the sentence, objecting to the amount of loss.

## II.

When evaluating Sentencing Guidelines claims, this Court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Isaac,* 987 F.3d 980, 990 (11th Cir. 2021).

## III.

Lezcano argues that the district court erred at sentencing in two ways. First, she argues that actual loss, not intended loss, should be the applicable standard for calculating the amount of loss under the guidelines. Second, she contends that the district court erred by applying a $500-per-access-device estimate for each unused device in her possession. Each of her arguments fails, and we take each challenge in turn.

### A.

Lezcano challenges the district court's use of intended loss to calculate her loss under U.S.S.G. § 2B1.1(b)(1). After this case was fully briefed, the Sentencing Commission adopted

Amendment 827 to U.S.S.G. section 2B1.1(b)(1), moving Application Note (3)(A), which states that "loss" under the guideline "is the greater of actual loss or intended loss," from the Commentary to the main text. U.S.S.G. app. C, amend. 827 (2024). This Court also issued a decision in *United States v. Horn*, determining that Amendment 827 applies to cases pending on direct appeal because it "is a clarifying amendment." 129 F.4th 1275, 1300 (11th Cir. 2025). We reasoned that the Amendment simply "maintains the same longstanding approach for calculating loss used in this Circuit's case precedent." *Id.* at 1301.

Bound by this precedent, we conclude that the district court correctly included intended loss, not merely actual loss, in its calculation. Two holdings from *Horn* resolve Lezcano's argument: first, "loss" under U.S.S.G. section 2B1.1(b)(1) "unambiguously" includes "intended loss"; second, Amendment 827 is "a clarifying amendment that applies" to this direct appeal. *Id.* The district court properly calculated Lezcano's sentence based on intended loss.

### B.

Lezcano's remaining argument is that the district court erred in applying the Commentary's $500-per-access-device rule to estimate the amount of intended loss. The district court based its reasoning on two rationales, but Lezcano challenged only one. "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince [this Court] that every stated ground for the judgment against [her] is

incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

On appeal, Lezcano challenges only the reliance on the Commentary to section 2B, contending "the Guidelines . . . [invent] a hypothetical $500 per unused access device and [the district court used] that to enhance her guideline range." Lezcano's Br. at 13–16. She does not challenge the court's additional and separate evidentiary basis for its ruling.

Because she "fails to challenge properly on appeal [each] of the grounds on which the district court based its judgment," Lezcano has "abandoned any challenge . . . and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680. Even though the district court's reasoning for its $500-per-device estimate is entitled to deference, we need not decide the issue because Lezcano neglected to preserve it for review. So, she cannot prevail.

## IV.

We **AFFIRM** Lezcano's sentence.